**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

OCT 11 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCIE KAY DIAL, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> MARTIN J. O'MALLEY, Commissioner of Social Security, <br><br> Defendant - Appellee. | No. 23-3423 <br><br> D.C. No. 8:22-cv-01936-AGR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Alicia G. Rosenberg, Magistrate Judge, Presiding

Submitted October 9, 2024[**]
Pasadena, California

Before: NGUYEN and HURWITZ, Circuit Judges, and EZRA, District Judge.[***]

Marcie Kay Dial appeals a district court judgment affirming a decision of the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

Social Security Administration ("SSA") denying her application for disability insurance benefits. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

1.     An administrative law judge ("ALJ") determining the residual functional capacity ("RFC") of a claimant must consider "medically determinable impairments," including ones that are not "severe." 20 C.F.R. § 404.1545(a)(2). But an ALJ need not expressly incorporate non-severe mental impairments already considered and acknowledged at Step Two of the required five-part analysis into an RFC. *See* 20 C.F.R. § 404.1520(a)(4); *Woods v. Kijakazi*, 32 F.4th 785, 794 (9th Cir. 2022). The ALJ here considered and acknowledged Dial's non-severe mental impairments at Step Two, and noted that the RFC "reflects the degree of [mental] limitation" he found.

2.     The ALJ was not required to import Dial's past relevant work, assessed at Step Four, into the RFC, which is determined earlier in the sequential disability analysis. *See* 20 C.F.R. § 404.1520(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity."); 20 C.F.R. § 404.1545(a)(5)(i) ("We will first use our residual functional capacity assessment at step four of the sequential evaluation process to decide if you can do your past relevant work.").

3.     The ALJ did not err in relying on Dr. Schumacher's report, notwithstanding supposed inconsistencies with Dr. Starrett's examination findings. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999)

("Determining whether inconsistencies are material (or are in fact inconsistencies at all) . . . falls within [the ALJ's] responsibility" for assessing medical testimony). Because GAF scores are only a "rough estimate" of psychological functioning and "typically assessed in controlled, clinical settings that may differ from work environments in important respects," they are not dispositive of disability. *Garrison v. Colvin*, 759 F.3d 995, 1002 n.4 (9th Cir. 2014). The ALJ expressly acknowledged the GAF score and Dr. Starrett's description of Dial's concentration as "borderline" and cited Dr. Starrett's conclusions about Dial's ability to interact with others and carry out detailed instructions. Dr. Schumacher reviewed both Dr. Starrett's psychological assessment and Dr. Maze's neurological assessment. Dr. Schumacher's statement that examination findings "do not demonstrate any cognitive deficits" is supported by Dr. Maze's assessment.

4.      We decline Dial's invitation to apply the new SSA rule reducing the applicable past relevant work period to her case. *See* 89 Fed. Reg. 27653 (Apr. 18, 2024) (reducing the period from 15 to 5 years). The Commissioner has stated that the new rule does not apply to agency decisions that became final before the rule took effect, *see* Social Security Ruling 24-2p, 89 Fed. Reg. 48479 n.1 (June 6, 2024), and an agency's interpretation of its own rule is "controlling" unless "plainly erroneous," *Auer v. Robbins*, 519 U.S. 452, 461 (1997) (cleaned up). The Commissioner's approach is consistent with our treatment of changes to other SSA

rules made after the final agency decision. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1011 n.1 (9th Cir. 2003).

**AFFIRMED.**